**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAVID S. STEWART, # 173012,

                    Petitioner,

v.                                       Case Number: 11-cv-10410
                                       Honorable Denise Page Hood

SHIRLEE HARRY,

                    Respondent.

_____/

**OPINION AND ORDER DENYING**
**PETITION FOR WRIT OF HABEAS CORPUS, DECLINING**
**TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING AN**
**APPLICATION FOR LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

      This is a habeas case filed by a state prisoner under 28 U.S.C. § 2254.

Michigan prisoner David Stewart ("Petitioner") is currently incarcerated at the Pugsley

Correctional Facility in Kingsley, Michigan.  He filed this *pro se* habeas petition

challenging his conviction for receiving and concealing a stolen motor vehicle, following

his no-contest plea in the Genesee County Circuit Court.  He was sentenced to one

year in the county jail followed by five years probation for that conviction.  Petitioner

raises claims concerning his requests to withdraw his no-contest plea.  For the reasons

stated, the Court denies the petition.  The Court also declines to issue Petitioner a

certificate of appealability but will grant him an application for leave to proceed on

appeal *in forma pauperis*.

# I. BACKGROUND

Petitioner was originally charged with unlawful driving away a motor vehicle and receiving and concealing a stolen motor vehicle.  On December 10, 2008, he pleaded no contest to receiving and concealing a stolen motor vehicle in exchange for the prosecutor dismissing the unlawfully-driving-away charge.  The following colloquy took place at the plea hearing.

> THE COURT:  Mr. Stewart, you have a number of charges in front of me today, but I am told they are going to be resolved by the agreement that's been placed on the record here today by the assistant prosecutors and by the agreements that you have signed.  Is that your understanding, sir?
>
> [PETITIONER]:  Yes, sir.
>
> THE COURT:  I understand that you want to plead no contest rather than guilty to the charges of receiving and concealing a motor vehicle, larceny in a building and felonious assault.  Is that your understanding?
>
> [PETITIONER]:  Yes, sir.
>
> THE COURT:  Is it further your understanding that you are going to acknowledge your prior felony record which would be three prior felonies?
>
> [PETITIONER]:  Yes, sir.
>
> THE COURT:  Okay.  Is anybody forcing you into this agreement?
>
> [PETITIONER]:  No, sir.
>
> THE COURT:  Anybody threatening you in anyway?
>
> [PETITIONER]:  No, sir.
>
> THE COURT:  Anybody promising you any leniency or special treatment other than what's been stated here on the record and in your plea agreement to get you to give up your trial rights and plead no contest?

[PETITIONER]:  No, sir.

THE COURT:  Sir, is this your own voluntary choice to plead no contest to these charges?

[PETITIONER]:  Yes, sir.  It is.

THE COURT:  Okay.  Now, let's talk about that, Mr. Stewart.  If I accept these no contest pleas, you won't be able to come back later and say, well, now, wait a second, you know, my arm was twisted, I was beat up on the way down here, I was threatened in the hallway, I was promised I was just going to get one day in jail and a $10 fine.  You won't be able to come in and claim there was anything off the record that led you into these agreements.  Do you understand that?

[PETITIONER]:  Yes, sir.

THE COURT:  Okay.  You won't be able to come back later and say that this wasn't even your own voluntary choice to do this.  Do you understand that?

[PETITIONER]:  Yes, sir.

Plea Hr'g Tr. 10-12, Dec. 10, 2008.  The trial court then accepted his no-contest plea.

*Id.* at 19.

On January 6, 2009, the date scheduled for sentencing, defense counsel informed the trial court that Petitioner wanted to withdraw his no-contest plea.  The court adjourned sentencing in order to give counsel time to prepare a proper motion.  The hearing then was rescheduled for February 20, 2009.

At the motion hearing, defense counsel argued that the court should allow Petitioner to withdraw his plea because he was innocent and had changed his mind about admitting his guilt.  The trial court denied the motion and sentenced Petitioner accordingly.

3

Petitioner then filed successive motions to withdraw his no-contest plea, which were denied. *See People v. Stewart*, Nos. 08-022490-FH, 08-022946-FC (Genesee County Circuit Court, June 23, 2009).

Subsequently, after his sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, alleging that the trial court erred when it denied his motions to withdraw his plea. The Court of Appeals denied his delayed application. *People v. Stewart*, No. 293082 (Mich.Ct.App. Sept. 30, 2009). Petitioner then filed an application for leave to appeal that decision with the Michigan Supreme Court, raising the same claim and adding a claim that his no-contest plea was illusory. The Supreme Court denied the application. *People v. Stewart*, 485 Mich. 1081, 777 N.W.2d 423 (2010) (Table).

Petitioner neither filed a post-conviction motion with the state trial court nor a petition for writ of certiorari with the United States Supreme Court. Rather, he filed this habeas petition on February 1, 2011.

## II. DISCUSSION

### A. Standard of Review

Petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (AEDPA), which provide:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

4

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' [the United States Supreme Court's] clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16, 124 S.Ct. 7, 10, 157 L.Ed.2d 263 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 1519-20, 146 L.Ed.2d 389 (2000)). "[T]he 'unreasonable application' prong of [the statute] permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S.Ct. 2527, 2534-35, 156 L.Ed.2d 471 (2003) (quoting *Williams*, 529 U.S. at 413, 120 S.Ct. 1495). However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21, 123 S.Ct. at 2535 (citations omitted).

Recently, in *Harrington v. Richter*, --- U.S. ---, 131 S.Ct. 770, 786-87, 178

5

L.Ed.2d 624 (2011), the United States Supreme Court held:

> A state court's determination that a claim lacks merit precludes federal habeas relief so long as "fairminded jurists could disagree" on the correctness of the state court's decision. *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004). And as this Court has explained, "[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Ibid.* "[I]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court." *Knowles v. Mirzayance*, 556 U.S. ----, ----, 129 S.Ct. 1411, 1413-14, 173 L.Ed.2d 251 (2009) (internal quotation marks omitted).

* * *

> Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *Jackson v. Virginia*, 443 U.S. 307, 332 n.5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

With those standards in mind, the Court proceeds to address Petitioner's claims.

## B. Exhaustion

Respondent argues that the petition should be dismissed because Petitioner failed to exhaust his claims. In his reply brief, Petitioner states that his claims are exhausted. For the reasons stated below, the Court will address Petitioner's claims.

Although a prisoner filing a habeas petition under 28 U.S.C. § 2254 must first exhaust all state remedies, s*ee O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999), it is not a jurisdictional prerequisite for bringing a habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134-35, 107 S.Ct. 1671, 1675,

6

95 L.Ed.2d 119 (1987).  An unexhausted claim may be addressed if pursuit of a state-court remedy would be futile, *see Witzke v. Withrow*, 702 F.Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity.  *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state-court remedies).  Here, the Court concludes the interests of justice are best served by ruling on the petition because Petitioner's claims lack merit.

### C.  Petitioner's Claims

Petitioner first argues that he is entitled to habeas relief because the trial court erred when it denied his motions to withdraw his no-contest plea.

Petitioner cannot show a denial of his constitutional rights by the trial court's failure to allow him to withdraw his plea.  Federal habeas courts have no authority to interfere with perceived errors in state law unless the petitioner is denied fundamental fairness in the trial process.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 479-80, 116 L.Ed.2d 385; *Serra v. Michigan Dep't of Corr*., 4 F.3d 1348, 1354 (6th Cir. 1993).  A criminal defendant has no constitutional right to withdraw a validly and voluntarily entered guilty plea.  *See Chene v. Abramajtys*, 76 F.3d 378, at *2 (6th Cir. 1996) (Table); *Metcalf v. Bock*, No. 00-10361-BC, 2002 WL 31749157, at *5 (E.D. Mich. Dec. 5, 2002).  The trial court's failure to allow Petitioner to withdraw his

plea under the governing state-court rules does not state a cognizable basis for habeas relief.

7

To the extent Petitioner claims that he should have been permitted to withdraw his no-contest plea because it was not knowingly and voluntarily made, he also is not entitled to habeas relief.

Initially, the Court observes that Petitioner has no absolute right to withdraw his guilty plea. *See Shanks v. Wolfenbarger*, 387 F.Supp.2d 740, 748, 655 (E.D. Mich. 2005) (internal citations omitted). Unless the plea violated a clearly-established constitutional right, whether to allow the withdrawal of a criminal defendant's guilty plea is discretionary with the state trial court. *Id.*

A guilty plea is valid if it is entered voluntarily, knowingly and intelligently, "'with sufficient awareness of the relevant circumstances and likely consequences.'" *Bradshaw v. Stumpf*, 545 U.S. 175, 183, 125 S.Ct. 2398, 2405, 162 L.Ed.2d 143 (2005) (quoting *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970)). The same standard applies to a plea of no contest or nolo contendere. *See Fautenberry v. Mitchell*, 515 F.3d 614, 636–37 (6th Cir. 2008); *cf. North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970) ("An individual accused of crime may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime").

A voluntary plea is entered "'by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel" that is not "induced by threats (or promises to discontinue improper harassment), misrepresentations (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship

8

to the prosecutor's business (e.g. bribes).'" *Brady*, 397 U.S. at 755, 90 S.Ct. at 1472 (quoting *Shelton v. United States*, 246 F.2d 571, 572 n. 2 (5th Cir. 1957)).  To enter an intelligent plea, the defendant must understand the true nature of the charges against him. *Brady*, 397 U.S. at 756, 90 S.Ct. at 1473.  This requirement is satisfied where the record reflects that the charge and the elements of the crime were explained to the defendant either by the court or by competent defense counsel.  *Bradshaw*, 545 U.S. at 183, 125 S.Ct. at 2405–06.

The state has the burden of showing that the plea was voluntary and intelligent. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993) (citing *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)).  When the state provides a transcript of the plea proceedings sufficient to show that the plea was voluntary and intelligent, and the state court finds as a factual matter that the plea was proper, a presumption of correctness arises.  *Id.*  The voluntariness of a plea is to be determined in light of all the relevant circumstances surrounding the plea.  *Brady*, 397 U.S. at 749, 90 S.Ct. at 1469.

With respect to Petitioner's plea of no contest, the trial court found as a factual matter that the plea was voluntary and intelligent.  A review of the plea-hearing transcript demonstrates that Petitioner's plea was voluntary and intelligent as set forth by the relevant United States Supreme Court precedent.

Petitioner also argues that his plea was not voluntary because he maintained his innocence at the plea hearing and afterwards.  The Supreme Court has held, however, that a plea voluntarily and intelligently entered is not invalid merely because the defendant continues to maintain his innocence, so long as a factual basis for the plea is demonstrated by the state.  *Alford*, 400 U.S. at 38, 91 S.Ct. at 167-68.  The trial court

9

found that the facts demonstrated at the preliminary-examination hearing reflected that a factual basis for Petitioner's plea was established.  Plea Hr'g Tr. 18, Dec. 10, 2008.

Petitioner also claims that his plea was not voluntary because he felt forced into pleading no contest by the trial judge.  However, the record does not support his claim. The transcripts reveal no actual or threatened physical harm or mental coercion overbearing Petitioner's will by the trial court.  They reveal no evidence that the Petitioner was so overborne that he could not, with the help of counsel, rationally weigh the advantages of pleading no contest against the advantages of going to trial.

Against that backdrop, the Court concludes that Petitioner is not entitled to habeas relief on the claims presented in his habeas petition.

### D.  Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a [COA] when it enters a final order adverse to the applicant."  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000) (citation omitted).  In this case, the Court concludes that reasonable jurists would not debate its conclusion.  Therefore, the Court will **DECLINE** to issue Petitioner a COA.

10

The standard for issuing a COA has a higher threshold than the standard for granting *in forma pauperis* status, which only requires a showing that the appeal is not frivolous. *See Foster v. Ludwick*, 208 F.Supp.2d 750, 764 (E.D. Mich. 2002). To the extent that Petitioner should file an application for leave to proceed on appeal *in forma pauperis*, such an application is **GRANTED**.

### III. CONCLUSION

The state courts' rejection of Petitioner's claims did not result in decisions that were contrary to Supreme Court precedent, an unreasonable application of Supreme Court precedent, or an unreasonable determination of the facts. Accordingly, it is **ORDERED** that the petition for writ of habeas corpus [Dkt. # 1] is **DENIED**.

It is further **ORDERED** that the Court **DECLINES** to issue Petitioner a COA, but will **GRANT** him an application for leave to proceed on appeal *in forma pauperis*, if such an application is filed.

**IT IS SO ORDERED.**

s/Denise Page Hood
United States District Judge

Dated: June 30, 2011

I hereby certify that a copy of the foregoing document was served upon David Stewart #173012, 7401 East Walton Road, Kingsley, MI 49649 and counsel of record on June 30, 2011, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager

11